William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
P.O. Box 25001
Fresno, CA 93729
Tel: 559.261.2222
Facsimile: 559.436.8163

Attorneys for Plaintiff JENNIFER HILLAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HILLAN,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD RAMIREZ, Sheriff MIKE BOUDREAUX, TULARE COUNTY, and DOES 1-15, inclusive,<br><br>Defendants. | No. 1:21-cv-00424-NONE-HBK<br><br>**APPROVED STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS** |

Plaintiff JENNIFER HILLAN and Defendants MIKE BOUDREAUX and TULARE

COUNTY (limited to the Tulare County Sheriff's Office and Tulare County Human Resources

Department), by and through their attorneys, seek an Order that will protect the confidentiality of

certain information that may be produced through the course of this litigation.  The documents

Plaintiff will be seeking through discovery will largely, although not exclusively, come from

Tulare County Sheriff Department policies and procedures adopted at the time of the events

alleged in the First Amended Complaint, training materials in use during said period, as well as

personnel files, citizen complaints, internal affairs reports and investigations.  The Defendants

1

anticipate seeking discovery of confidential records relating to Plaintiff Jennifer Hillan.  The parties thus stipulate as follows:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order **does not** confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2.      DEFINITIONS

2.1      Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, law enforcement personnel files, citizen complaints, and internal affairs investigations and reports.

2.3      Counsel (without qualifier):  Counsel for the Plaintiff and both the Defendants' Outside Counsel of Record and House Counsel (as well as their respective support staffs).

2.4      Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5      Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

2

2.6     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10     Party:  Any party to this action, including all its current and former officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3

However, the protections conferred by this Stipulation and Order **do not** cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Merely because a witness testified at trial or otherwise as to confidential material contained in a record, does not make that record part of the public domain. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

4

unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

1  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

2  stage of the challenge process only if it has engaged in this meet and confer process first or

3  establishes that the Designating Party is unwilling to participate in the meet and confer process in

4  a timely manner.

5        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

6  intervention, the Designating Party shall file and serve a motion to retain confidentiality within 14

7  days of the parties agreeing that the meet and confer process will not resolve their dispute. Each

8  such motion must be accompanied by a competent declaration affirming that the movant has

9  complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

10  the Designating Party to make such a motion including the required declaration within  14 days

11  after the parties agree that the meet and confer process will not resolve the dispute, shall

12  automatically waive the confidentiality designation for each challenged designation. In addition,

13  the Challenging Party may file a motion challenging a confidentiality designation at any time if

14  there is good cause for doing so, including a challenge to the designation of a deposition

15  transcript or any portions thereof. Any motion brought pursuant to this provision must be

16  accompanied by a competent declaration affirming that the movant has complied with the meet

17  and confer requirements imposed by the preceding paragraph.

18        The burden of persuasion in any such challenge proceeding shall be on the Designating

19  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

20  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

21  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

22  file a motion to retain confidentiality as described above, all parties shall continue to afford the

23  material in question the level of protection to which it is entitled under the Producing Party's

24  designation until the court rules on the challenge.

25        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

26        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

27  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

28  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Parties and their Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts (as defined in this Order) of any Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

/ / /

/ / /

8

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order

(c)  further notice in writing to the party who caused the subpoena to issue that Protected Material will not be disclosed without an accompanying court order commanding production and that notice must be provided to the Parties of the day and time for any hearing for such a court order; and

(d)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

/ / /

9

1    (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

2  litigation, the relevant discovery request(s), and a reasonably specific description of the

3  information requested; and

4    (3)  make the information requested available for inspection by the Non-Party.

5    (c)  If the Non-Party fails to object or seek a protective order from this court within 14

6  days of receiving the notice and accompanying information, the Receiving Party may produce the

7  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

8  seeks a protective order, the Receiving Party shall not produce any information in its possession

9  or control that is subject to the confidentiality agreement with the Non-Party before a

10  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

11  burden and expense of seeking protection in this court of its Protected Material.

12      10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14  Material to any person or in any circumstance not authorized under this Stipulated Protective

15  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

17  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

18  made of all the terms of this Order, and (d) request such person or persons to execute the

19  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

20      11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

21  PROTECTED MATERIAL

22    When a Producing Party gives notice to Receiving Parties that certain inadvertently

23  produced material is subject to a claim of privilege or other protection, the obligations of the

24  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

25  provision is not intended to modify whatever procedure may be established in an e-discovery

26  order that provides for production without prior privilege review. Pursuant to Federal Rule of

27  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

28  communication or information covered by the attorney-client privilege or work product

10

protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable local rules for doing so. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged or otherwise entitled to protection under the law. If a Party's request to file Protected Material under seal is denied by the court, then the Party may file the information in the public record unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

11

1   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

2   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

3   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

4   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

5   product, and consultant and expert work product, even if such materials contain Protected

6   Material. Any such archival copies that contain or constitute Protected Material remain subject to

7   this Protective Order as set forth in Section 4 (DURATION).

8          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10                                          **WILLLIAM L. SCHMIDT,**
                                            **ATTORNEY AT LAW, P.C.**

11

12   Dated: October 27, 2021              /s/ William L. Schmidt (As authorized on 10/27/21)
                                          William L. Schmidt
13                                        Jeffrey W. Eisinger
                                          Attorneys for Plaintiffs

14                                          **JENNIFER M. FLORES,**
                                            **TULARE COUNTY COUNSEL**
15

16   Dated: October 28, 2021              /s/ Judith D. Chapman (As authorized on 10/28/21)
                                          Judith D. Chapman,
17                                        Deputy County Counsel
                                          Attorneys for Defendants County of Tulare and
18                                        Sheriff Mike Boudreaux

19                                          **WEAKLEY & ARENDT,**
                                            **A PROFESSIONAL CORPORATION**
20

21   Dated: October 27, 2021              /s/ Brande L. Gustafson
                                          James D. Weakley
22                                        Brande Gustafson
                                          Attorneys for Defendants County of Tulare and
23                                        Sheriff Mike Boudreaux

24

25   PURSUANT TO STIPULATION, IT IS SO ORDERED.

26   Dated:    November 19, 2021

27                                        HELENA M. BARCH-KUCHTA
                                          UNITED STATES MAGISTRATE JUDGE

28

                                          12

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Eastern District of California on in the case of Hillan v.

Ramirez, et al.  (No. 1:21-cv-00424-NONE-HBK).

In compliance with Paragraph 7.2, I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type

full address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signed name: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28